**Francisco VIDEZ–RUIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–71535.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.[*]

Decided Dec. 14, 2005.

Robert G. Berke, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David Dauenheimer, Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM[**]

Francisco Videz–Ruiz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and review de novo claims of ineffective assistance of counsel, *Dearinger v. Reno*, 232 F.3d 1042, 1044–45 (9th Cir.2000). We grant the petition for review.

The BIA abused its discretion in denying Videz's motion to reopen alleging ineffective assistance of counsel because Videz substantially complied with the requirements contained in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the legitimacy of his claim was "plain on the face of the administrative record." *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 824–25 (9th Cir.2003). Videz was prejudiced by his counsel's untimely filing because his contentions on appeal might have been successful. *See id.; see also Dearinger*, 232 F.3d at 1045 (failure to file a timely appeal creates a presumption of prejudice). Accordingly, we remand to the BIA to grant Videz's motion to reopen.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANTED; REMANDED.